UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN T. PAINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-02087 |
| | ) |
| CITY OF RUSHVILLE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, John T. Painter, by counsel, and files his Complaint against the Defendant, City of Rushville, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-34 ("ADEA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. §1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial

1

economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, John T. Painter, is a citizen of the United States, and is a qualified employee as defined under 29 U.S.C. §630(f), and is over the age of forty (40).

5. At all times relevant hereto, Mr. Painter was an "employee" of the Defendant.

6. The Defendant is a qualified employer as the term 29 U.S.C. §630(b).

7. The Defendant, City of Rushville, is a government unit of the State of Indiana, and is an employer as that term is defined in 29 U.S.C. §621.

## ADMINISTRATIVE PROCEDURES

8. On or about November 17, 2020, Mr. Painter filed charges of discrimination alleging violations of the ADA and ADEA with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-03856.

9. On or about May 27, 2021, Mr. Painter received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-03856, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto as **Exhibit "A".**

10. This Complaint has been filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11. The Defendant hired Mr. Painter on or about May 15, 2000.

12. Throughout his employment with Defendant, Mr. John T. Painter met or exceeded Defendant's legitimate expectations of performance.

13. Through his employment with the Defendant, Mr. Painter suffered from work restrictions, and informed his supervisors that he could not perform certain tasks.

14. On or about July 31, 2020 Mr. Painter provided a doctor slip to City of Rushville indicating permanent medical restrictions following a back surgery and subsequent nine (9) month recovery.

15. After his recovery, Mr. Painter's doctor determined he had reached a maximum medical improvement and placed Mr. Painter on permanent work restrictions.

16. After receiving these restrictions, Mr. Painter was assigned to a task which violated his medical restrictions.

17. Mr. Painter requested an accommodation to observe his medical restrictions, but was not given a reasonable accommodation.

18. On August 5, 2020, Mr. Painter was asked by his supervisor when Mr. Painter planned on retiring.

19. On September 3, 2020, Mr. Painter received a "Restoration to Work" form from the City of Rushville requesting Mr. Painter sign the form indicating he could do all aspects of his job without restrictions.

20. Mr. Painter did not sign the aforementioned form as he needed reasonable accommodations to perform his job duties.

21. On September 11, Mr. Painter received a certified letter notifying him of a work meeting on September 21, 2020.

22. On September 21, 2020, Mr. Painter was terminated.

## COUNT I
## DISCRIMINATION ON THE BASIS OF AGE

23. Mr. Painter hereby incorporates by reference paragraphs one (1) through twenty-two (22) as though previously set out herein.

24. The Defendant's termination of Mr. Painter from his employment was made in violation of his respective rights pursuant to the ADEA, as the Defendant's decision to terminate was based on Mr. Painter's age classification, as he was over the age of forty (40).

25. Mr. Painter suffered emotional and economic damages as a result of Defendant's unlawful actions.

26. Mr. Painter asserts a claim against the Defendant for a violation of his rights under the ADEA.

## COUNT II
## DISCRIMINAITON OF THE BASIS OF DISABILITY

27. Mr. Painter hereby incorporates by reference paragraphs one (1) through twenty-six (26) as though previously set out herein.

28. Mr. Painter reported his disability to the Defendant.

29. The Defendant failed to accommodate Mr. Painter's disability and assigned him work tasks knowingly or in reckless disregard for Mr. Painter's work restrictions in violation of the ADA.

30. Mr. Painter has suffered emotional and economic damages as a result of Defendant's unlawful actions.

31. Mr. Painter asserts a claim against the Defendant for a violation of his rights under the ADA.

## **REQUESTED RELIEF**

WHEREFORE, the Plaintiff, Mr. John T. Painter, respectfully requests this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Painter his lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay lost future wages;

g. Pay all costs and attorney's fees incurred as a result of bringing this Action;

h. Pay all pre- and post-judgment interest;

i. Provide to Mr. Painter all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mr. John T. Painter, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Jacob G. Bowman*
Jacob G. Bowman #36240-55
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 888-696-6977
Jacobbowman@getstewart.com
Darron@getstewart.com
*Attorneys for Plaintiff, John T. Painter*